IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUDOLF SUTER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 3:18-cv-01988-N |
| | § | |
| PETER DENTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are separate motions to dismiss this *pro se* civil action filed by Defendants Diane Reed and David Elmquist (ECF No. 36), Richard G. Dafoe (ECF No. 37), Abel Leal (ECF No. 38), Robert I. Berry (ECF No. 39), Robert D. Allen (ECF No. 43 & 58), David Jarvis (ECF No. 55), and Peter Denton ("Denton") and Harvest Investors, L.P. (together with Denton, the "Denton Defendants") (ECF No. 60). For the following reasons, the Court should grant Defendants' motions and dismiss all of Plaintiff's claims.

**Background**

Plaintiff Rudolf Suter ("Suter"), a Swiss citizen currently residing in Switzerland, is no stranger to this Court. He previously was found liable for more than $1 million in damages in a civil action filed in this district, was held in contempt of court for his recalcitrance in cooperating in post-judgment discovery, and pleaded guilty to committing perjury in connection with filings made in a

1

bankruptcy proceeding in this district. *See generally* Compl. (ECF No. 3); *see also Denton v. Suter*, No. 3:11-cv-02559-N, (N.D. Tex.); *In re Rudolf Suter*, No. 14-30364-sgj7 (N.D. Tex.); *United States v. Suter*, No. 3:17-cr-00046-N (N.D. Tex.).[1] Suter now brings this action against several civil attorneys and their clients, the U.S. bankruptcy trustee, and the federal prosecutor who were adverse to Suter in those legal proceedings.

In his Complaint, Suter alleges that he lived and worked in the United States from May 2010 to December 2015 on an H1B visa as CEO and President of Pro Fit Optix Inc. *See* Compl. at 2, 14. In August 2012, the Denton Defendants, represented by their attorney, Robert Allen, obtained judgments for over $1 million against Suter in a civil action filed in this district. *Id.* at 2, ¶ 1; *see also Denton v. Suter*, No. 3:11-cv-02559-N, 2016 WL 6581288 (N.D. Tex. Mar. 10, 2016). The Denton Defendants subsequently served Suter post-judgment discovery requests as part of their attempt to collect on the judgments. Compl. at 2, ¶ 1. Suter did not fully respond to the Denton Defendants' discovery requests, even after the Court ordered him to do so. *Id.* at 4, ¶ 9. Instead, Suter left the country. *Id.* at 3, ¶ 7. On March 10, 2016, the Court found Suter to be in civil contempt and ordered that he

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of an "adjudicative fact," such as a judgment or order filed in another court to establish the fact of such litigation and related filings, if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201.

be "coercively incarcerated" until he fully and completely answered under oath the Denton Defendants' post-judgment discovery requests. *Id.* at 4, ¶ 9; *see also* Order, *Denton v. Suter*, 2016 WL 6581288 (N.D. Tex. Mar. 10, 2016). Suter returned to the United States several months later and was arrested based on the Court's contempt order and corresponding warrant for his arrest. Compl. at 7, ¶ 21.

Suter also tried to stave off post-judgment discovery of his assets by filing for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas in 2014. *Id.* at 2, ¶ 2; *see also In re Rudolf Suter*, No. 14-30364-sgj7 (N.D. Tex.). Richard Dafoe represented the Denton Defendants in the bankruptcy proceeding. Compl. at 3, ¶ 4. Diane Reed was appointed Trustee for the bankruptcy estate, and she was represented in the bankruptcy proceeding by attorney David Elmquist. *Id.* at 4, ¶ 4. Suter committed perjury in the context of the bankruptcy proceeding and pleaded guilty in 2017 to violating 18 U.S.C. § 1621(2). *See id.* at 9, ¶ 24; *see also United States v. Suter*, Case No. 3:17-cr-46-N (N.D. Tex.). David Jarvis, a federal prosecutor, represented the government in the perjury case. Compl. at 9, ¶ 24.

On August 8, 2018, Suter, proceeding *pro* se, filed this civil action asserting claims against Defendants for allegedly "conspiring and for perjuring to give Plaintiff a criminal charge. Assassination of character, defamation, slander, wrongful accusations, emotional distress injuries and mental anguish injuries, that subject Plaintiff to cruel and unusual punishment under State and Federal Constitution of the Unites [sic] States 8th Amendment." Compl. at 15. Suter

3

contends that Allen, on behalf of the Denton Defendants, conspired with Jarvis to initiate the criminal proceedings against him. *Id.* at 8-9, 10-12. He further contends that Allen, again on behalf of the Denton Defendants, slandered him and published false and defamatory statements about him in the local Dallas paper and other periodicals. *Id.* at 4-5, 13 As a result of these false stories, Suter allegedly suffered harm to his reputation and lost business opportunities. *Id.* Suter claims that the Defendants' conduct caused him to suffer mental anguish and emotional distress. *Id.* at 9, ¶ 24. By this action, he seeks "not less than $50 million U.S. dollars and for the Defendants' assets to be held and seized until this matter is resolved or an agreement is reached." *Id.* at 15.

In response to Suter's complaint, Defendants filed separate motions to dismiss, *see* ECF Nos. 36, 37, 38, 39, 43, 55 & 60, asserting numerous bases for dismissal including that the Complaint must be dismissed under Rule 12(b)(6) because Suter's allegations are insufficient to state a claim for relief. All of the Defendants except Reed and Elmquist also argue that the Court should dismiss Suter's Complaint under Rule 12(b)(1) because Suter's allegations are insufficient to establish subject matter jurisdiction. Dafoe, Leal, Berry, Jarvis, and Allen further assert they are entitled to immunity from Suter's claims. Jarvis and the Denton Defendants argue that Suter's Complaint should be dismissed under Rule 12(b)(5) for insufficient service of process, and Allen and the Denton Defendants argue that Suter's Complaint must be dismissed pursuant to the Texas "Anti-SLAPP" Act. Finally, the Denton Defendants assert they are entitled to judgment

4

on the pleadings under Rule 12(c) because it is facially apparent from Suter's Complaint that his claim for defamation is barred by the applicable one-year statute of limitations governing claims for defamation. Suter opposes only the motions filed by Allen and the Denton Defendants. He responded to the motions filed by Reed and Elmquist, Dafoe, Leal, and Berry stating that he does not intend to pursue any claims against those Defendants. He failed to file a response to Jarvis's motion. Accordingly, the motions to dismiss are ripe for determination.

## Legal Standards and Analysis

As a preliminary matter, the Court addresses Suter's oft-repeated request to construe his filings "to a less straighten [sic] standard that pleadings drafted by lawyers" based on his *pro se* status. *See, e.g.*, Compl. at 15 (citing *Haines v. Kerner*, 404 U.S. 519 (1972); Resp. Br. at 8 (ECF No. 50); Resp. Br. at 5 (ECF No. 65). Courts generally hold *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up).[2] Therefore, a *pro se* plaintiff is not excused

---

[2] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g., United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017).

5

from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, [and] serve defendants . . . ." *Id.* (citations omitted). Additionally, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)); *see also Simmons v. Methodist Hosps. of Dall.*, 106 F. Supp. 3d 799, 803 (N.D. Tex. May 1, 2015) (stating that although *pro se* parties are "often given more leeway" to correct errors, they "are expected to comply with the rules of pleading and . . . . 'must set forth facts giving rise to a claim on which relief may be granted.'") (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam)) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)).

With these principles in mind, the Court turns to the pending motions to dismiss. The Court notes that when, as here, a party files a Rule 12(b)(1) motion in conjunction with other Rule 12 motions, the Court should consider the jurisdictional challenge before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* (citation omitted). When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not

6

prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citation omitted).

### Rule 12(b)(1)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and by statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal court jurisdiction generally requires (1) a federal question arising under the Constitution, a federal law, or a treaty, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32.

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit distinguishes between a "facial attack" and a "factual attack" on subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. Jan. 29, 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the nature of the attack, "[t]he plaintiff constantly bears

7

the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

Suter states in his Complaint "[t]he District Court has 'JURISDICTION' over Defendants – under 28 U.S.C. § 1346 and Plaintiff – under 28 U.S.C. § 1345." Compl. at 1, ¶ 1. He then alleges that Allen, on the Denton Defendants' behalf, made "wrongful allegations" and "false accusations" against him in a letter to Jarvis and "orchestrated" the publication of a defamatory article on the Texas Law Book website. *Id.* at 10-11, 13. He states that he is seeking "50 million U.S. dollars" from Defendants "in their personal and official capacities for conspiring and for perjuring to give Plaintiff a criminal charge. Assassination of character, defamation, slander, wrongful accusations, emotional distress injuries and mental anguish injuries, that subject Plaintiff to cruel and unusual punishment under State and Federal Constitution of the Unites [sic] States 8th Amendment." *Id.* at 15. Defendants, except Reed and Elmquist, attack these allegations on their face, arguing that they are insufficient to establish subject matter jurisdiction.

The Court agrees that Suter has not alleged facts sufficient to establish federal question jurisdiction with respect to any claim against the private individual Defendants. Title 28 U.S.C. § 1346 is the Federal Tort Claims Act ("FTCA"). Under the FTCA, federal district courts have "exclusive jurisdiction of civil actions on claims *against the United States*, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any

8

employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). A plaintiff may bring an FTCA claim only against the United States. *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011); s*ee also Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) ("[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States."). To the extent Suter attempts to assert a claim against Jarvis in his official capacity as a federal prosecutor for "conspiring . . . to give Plaintiff a criminal charge," his claim may arise under the FTCA. But, the FTCA does not provide a jurisdictional basis for Suter's claims against any of the private-citizen Defendants.

The same is true for § 1345, which establishes jurisdiction for civil actions "*commenced by* the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345 (emphasis added). As the plaintiff, Suter, not the United States or an authorized U.S. agency or officer, commenced this action. Thus, § 1345 does not provide a jurisdictional basis for Suter's claims against any of the Defendants.

In his response to Allen's motion to dismiss, Suter asserts for the first time that his claims arise under 18 U.S.C. § 2384 and 42 U.S.C. § 1983. Resp. Br. at 1-2 (ECF No. 50). Even if Suter had pleaded jurisdiction under these federal statutes

9

in his Complaint, they would not support the exercise of federal question jurisdiction over Suter's claims against Allen. Title 18 U.S.C. § 2384 is a criminal statute regarding seditious conspiracy to overthrow the United States government. The statute does not provide jurisdiction for a civil complaint between private parties. *See Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. June 1, 1999) ("Criminal statutes can neither be enforced by civil action nor by private parties.") (citations omitted). Further, § 1983 does not provide a basis for jurisdiction for a claim against a private citizen. To bring a claim under § 1983, the plaintiff must allege that the defendant was acting under color of law. *See* 42 U.S.C. § 1983. Suter's Complaint contains no allegation that Allen was acting under color of law, and Suter admits that Allen was acting as the civil attorney for the Denton Defendants. *See, e.g.*, *Dolenz v. Akin*, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997) ("The law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law."), *aff'd*, 129 F.3d 612 (5th Cir. 1997) (per curiam). Neither 18 U.S.C. § 2384 nor 42 U.S.C. § 1983 provides a jurisdictional basis for Suter's claims against Allen.

Nor has Suter alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804–05 (5th Cir.

1991) (citations omitted). Although Suter alleges that he is "is a Swiss citizen, with Swiss residency," Compl. at 14, he makes no allegation whatsoever regarding the citizenship of any individual Defendant or any of the partners of Harvest Investors, L.P. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."). Suter's failure adequately to allege the basis for diversity jurisdiction mandates dismissal. *Stafford*, 945 F.2d at 805.

The Court should grant the motions to dismiss filed by Dafoe, Leal, Berry, Allen, and the Denton Defendants (ECF No. 37, 38, 39, 43 & 60) and dismiss Suter's claims against these Defendants without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. Further, because federal courts have a continuing obligation to examine the basis for their jurisdiction, they may *sua sponte* raise the issue of subject matter jurisdiction at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal courts must dismiss an action "if it appears at any time that the court lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3). Even though Reed and Elmquist did not seek dismissal under Rule 12(b)(1) on the ground that Suter failed to allege facts sufficient to establish jurisdiction, the Court finds that Suter's failure to satisfy his jurisdictional burden provides a basis for dismissal of Suter's claims against Reed and Elmquist as well.

**Alternative Bases of Dismissal**

Alternatively, the Court should find that Suter has abandoned his claims against Elmquist, Reed, Dafoe, Leal, and Berry because Suter admits he does not intend to pursue any claims against these Defendants, *see* Resp. Brs. (ECF Nos. 51, 52, 53 & 54), and grant the Defendants' separate motions to dismiss (ECF Nos. 36, 37, 38 & 39). The Court should also grant the motions to dismiss filed by Jarvis, Allen, and the Denton Defendants (ECF Nos. 43, 55 & 60) under Rule 12(b)(6) for failure to state a claim for relief.

## Rule 12(b)(6)

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion to dismiss, Suter's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The Court must accept all of Suter's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

Here, Suter alleges that Allen, in his role as attorney for the Denton Defendants, published "wrongful accusations" about Suter in a letter to Jarvis, in his capacity as a federal prosecutor, and in articles published on Texaslawbook.com. Compl. at 8-9, 10-12. Suter contends this conduct resulted in criminal charges against him and further constitutes conspiracy and "assassination of character, defamation, slander, wrongful accusations, emotional distress injuries and mental anguish injuries." *Id.* at 15. Among other grounds, Jarvis moves to dismiss Suter's claims against him under the doctrine of prosecutorial immunity, and Allen similarly moves to dismiss the claims against him under the doctrine of attorney immunity. Suter failed to file a response to Jarvis's motion and, although he filed a response to Allen's motion to dismiss, Suter does not address Allen's immunity defense.

Prosecutors have absolute immunity for actions taken within the scope of their prosecutorial role. *See Rodriguez v. Lewis*, 427 F. App'x 352, 353 (5th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987)). Suter's claims against Jarvis arise from Jarvis's role in prosecuting Suter for perjury charges. As such, Jarvis is entitled to absolute immunity from Suter's claims, and those claims must be dismissed.

Also, under Texas law, attorneys cannot be held civilly liable for damages to non-clients for actions taken in connection with representing a client. *E.g.*, *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). As one court has explained:

13

> Texas case law has discouraged lawsuits against an opposing counsel if the lawsuit is based on the fact that counsel represented an opposing party in a judicial proceeding. An attorney has a duty to zealously represent his clients within the bounds of the law. In fulfilling this duty, an attorney has the right to interpose defenses and pursue legal rights that he deems necessary and proper, without being subject to liability or damages. If an attorney could be held liable to an opposing party for statements made or actions taken in the course of representing his client, he would be forced constantly to balance his own potential exposure against his client's best interest. Such a conflict hampers the resolution of disputes through the court system and the attainment of justice. Thus, to promote zealous representation, courts have held that an attorney is "qualifiedly immune" from civil liability, with respect to non-clients, for actions taken in connection with representing a client in litigation.

*Id.* (internal citations omitted). Attorney immunity is true immunity from suit. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016). Thus, if an attorney conclusively establishes that his conduct was within the scope of his legal representation of a client, attorney immunity applies. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

In this case, Suter's allegations establish that Allen is entitled to attorney immunity because the complained-of conduct falls squarely within Allen's representation of the Denton Defendants. Suter specifically alleges Allen sent the letter to Jarvis containing the alleged wrongful accusations "on behalf of Denton/Harvest" and that Allen "orchestrated on behalf of Denton/Harvest another Publication in the texaslawbook.net." Compl. 12, 13. The Court finds that Suter's allegations establish Allen is entitled to attorney immunity. Accordingly,

14

the Court should dismiss Suter's claims against Allen. *See Dorrell v. Proskauer Rose LLP*, 2017 WL 6764690, at *3, *7 (N.D. Tex. Nov. 2, 2017) (granting Rule 12(b)(6) motion to dismiss and dismissing claims against attorney where attorney's alleged conduct was within the scope of client representation and attorney was thus entitled to attorney immunity).

Suter's remaining claims against the Denton Defendants for defamation fail because he does not plead all the essential elements for such a claim against Denton or Harvest Investors, L.P. The elements of defamation under Texas law are that: (1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). In his Complaint, Suter does not plead that Denton or Harvest Investors, L.P. made or published and defamatory statements. Instead, the Complaint unambiguously pleads that Allen made the alleged statements. In his response to the Denton Defendants' motion to dismiss, Suter does not dispute that he failed to plead all the necessary elements of a defamation claim against the Denton Defendants. Instead, he asks for leave to amend his complaint. But he does not argue that he could cure this deficiency. Suter's claims against the Denton Defendants should therefore be dismissed under Rule 12(b)(6).

In view of the findings and recommendation that Suter's claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim, the Court should pretermit consideration of Defendants' other arguments, including Defendants' arguments under Rule 12(b)(5), Rule 12(c), and the Texas Anti-SLAPP Act. The Court should deny Allen's Anti-SLAPP motion (ECF No. 58) as moot.

### Recommendation

For the reasons stated, the Court should GRANT Defendants' motions to dismiss (ECF No. 37, 38, 39, 43, 55 & 60) and dismiss Suter's Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

Alternatively, the Court should find that Suter has abandoned his claims against Elmquist, Reed, Dafoe, Leal, and Berry and GRANT the separate motions to dismiss filed by those Defendants (ECF No. 36, 37, 38 & 39). The Court should also GRANT the motions to dismiss filed by Jarvis, Allen, and Peter Denton and Harvest Investors, L.P. (ECF No. 43, 55 & 60) under Rule 12(b)(6) for failure to state a claim for relief. The Court should DENY Allen's Anti-SLAPP motion (ECF No. 58) as moot.

**SO RECOMMENDED**.

July 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).